UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-2143(DSD/JMM)

Laura H. Gilbert,

Plaintiff,

v.

**ORDER**

United States of America and Southside Community Health Services, Inc., a Minnesota non-profit corporation, and Patsy Parker, M.D.

Defendants.

Jennifer Ross-Amato, Esq. and Lapp, Libra, Thomson, Stoebner & Pusch, 120 Sixth Street South, Suite 2500, Minneapolis, MN 55402 and Douglas R. Rainbow, Esq. and Rainbow Law office, 1304 Medicine Lake Drive West, Suite 316, Plymouth, MN 55441, counsel for plaintiff.

Perry F. Sekus, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, counsel for defendants.

This matter came on before the court on the motion of defendants for dismissal of Patsy Parker, M.D., and Southside Community Health Services, Inc. [Docket No. 8] from this action. Based upon the briefs and arguments of counsel and upon all the files, records and proceedings herein, the court makes the following findings and conclusions of law:

FILED 4-30-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

1. This action is governed by the Federally Supported Health Centers Act of 1992, 42 U.S.C. § 233 et. seq., as amended, and the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq.

2. The Department of Health and Human Services, acting through the Assistant Surgeon General, in accordance with 42 U.S.C. § 233(h), as amended by the Federally Supported Health Centers Assistant Act of 1995 (Pub. L. 104-73), has deemed defendant Southside Community Health Services, Inc. to be an employee of the federal government effective January 31, 1998, thereby affording it liability protection under the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq., for damage to personal injury, including death, resulting from the performance of medical, surgical, dental and related functions. Said protection is exclusive of any other civil action or proceeding.

3. The United States Attorney for the State and District of Minnesota has certified pursuant to the provisions of 28 U.S.C. § 2679, as amended by P.L. 87-258, 75 Stat. 539, and by virtue of the authority vested in him by 28 C.F.R. § 15.3(a), that upon the basis of the information now available to him with respect to the incident referred to in the complaint, he is of the opinion that defendant Southside Community Health Services, Inc. is deemed an employee of the United States effective January 31, 1998, in accordance with 42 U.S.C. §§ 233(g) through (n), and was such an employee at the time of the incidents alleged in the complaint.

4. The United States Attorney for the District of Minnesota has certified, pursuant to the provisions of 28 U.S.C. § 2679, as amended by P.L. 87-258, 75 Stat. 539, and by virtue of the authority vested in him by 28 C.F.R. § 15.3(a), that upon the basis of the information now available to him with respect to the incident referred to in the complaint, he is of the opinion that defendant Patsy Parker, M.D., was acting within the scope of her employment and is, pursuant to 42 U.S.C. §§ 233, deemed an employee of the United States at the time of such incident through her employment at Southside Community Health Services, Inc.

5. Based on the foregoing certifications, the admissions of the United States, and by operation of the provisions of 42 U.S.C. § 233 et. seq. and 28 U.S.C. § 2679 et. seq., defendants Patsy parker, M.D., and Southside Community Health Services, Inc. are afforded immunity from suit and entitled to dismissal with prejudice.

6. Plaintiff has expressed concern that the United States may assert at some future date during this litigation that defendants Southside Community Health Services, Inc. and/or Patsy Parker, M.D., were not acting within the scope of their employment and therefore are not entitled to coverage under the Federal Tort Claims Act. However, in addition to the certifications by the United States Attorney for the State and District of Minnesota, the United States has admitted in its answer to the complaint that

Southside Community Health Services, Inc. and its employees are deemed eligible for coverage under the Federal Tort Claims Act, and that, by operation of law, defendant Patsy Parker, M.D., is deemed to be an employee of the United States during the relevant time frame referenced in the complaint. Moreover, the United States, through its counsel, has admitted in open court and on the record that defendant Patsy Parker, M.D., was acting within the scope of her employment at the time of the events alleged in the complaint and that Southside Community Health Services, Inc. is entitled to coverage under the Federal Tort Claims Act.

7. The United States has advised the court that defendant Patsy Parker, M.D., is no longer and employee of the Southside Community Health Services, Inc. and is therefore no longer subject to the control of the United States as a deemed employee of the Public Health Services. Nevertheless, the United States, through its counsel, has represented in open court and on the record that it shall endeavor to produce witnesses called by the plaintiff for deposition, and that it will otherwise cooperate with plaintiff's counsel to facilitate discovery. The court recognizes, however, that the United States cannot compel non-parties to appear for deposition and that if need be, plaintiff shall seek leave of court to compel the attendance of any non-party witness by subpoena.

Accordingly, based on the foregoing findings and conclusions of law, **IT IS HEREBY ORDERED** that defendants' motion [Docket No. 8]

is granted and that defendants Patsy Parker, M.D., and Southside Community Health Services are dismissed with prejudice from this action.

Dated: April 30, 2002

David S. Doty, Judge
United States District Court